OPINION
Defendant Michael Jamar Simms appeals a judgment of the Court of Common Pleas of Stark County, Ohio, convicting and sentencing him for one count of aggravated robbery in violation of R.C.2911.01 and one count of assault in violation of R.C. 2903.13. Appellant assigns four errors to the trial court:
 ASSIGNMENTS OF ERROR I. THE DECISION OF THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 II. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL BY COUNSEL'S FAILURE TO PERFORM ESSENTIAL DUTIES, THEREBY VIOLATING APPELLANT'S CONSTITUTIONALLY PROTECTED RIGHTS.
 III. THE TRIAL COURT COMMITTED PLAIN ERROR IN ITS FAILURE TO CORRECT CERTAIN OBVIOUS, PREJUDICIAL ERRORS.
 IV. THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO DUE PROCESS OF LAW IN VIOLATION OF THE UNITED STATES CONSTITUTION BY ITS FAILURE TO NOTIFY APPELLANT OF THE SPECIFICS OF POST-CONVICTION RELIEF CONTROL AS REQUIRED BY THE R.C.
At trial, the State presented testimony of two police officers. Canton City Police Office Michael Peterson testified he observed appellant and another man in downtown Canton, Ohio. Peterson confirmed an outstanding warrant for appellant's arrest, and parked his police cruiser behind appellant's vehicle. Officer Peterson also radioed for backup officers. Officer Peterson testified when he informed appellant of the outstanding warrant, appellant struggled, and struck him in the chest at least twice. Appellant and Peterson fell to the ground, at about the time Canton City Police Officers Flaherty and Saler arrived at the scene. Officer Saler is assigned to the K-9 Patrol Unit, and is partnered with a German Shephard named Maxwell. Peterson testified while he and appellant were wrestling on the ground, appellant unbuckled Peterson's holster and started to removed his gun. Eventually, the officers subdued appellant and placed him under arrest, after Maxwell bit appellant at least twice and one of the officer had maced appellant. Officer Peterson was treated at a local hospital for bites to his hand allegedly received from appellant. Officer Saler also testified at trial, corroborating Officer Peterson's testimony. Officer Saler testified he saw appellant attempting to gain control of Peterson's weapon. Appellant offered three witnesses in his Case in Chief. Appellant's cousin, and companion at the time, testified Officer Peterson grabbed appellant without provocation. This eyewitness testified appellant never threw any punches at any police officers and never attempted to take any gun from them. Appellant's cousin also testified the police officers on the bike patrol unit arrived and drew their guns also. Appellant also called a passerby who observed the incident. The passerby testified he was acquainted with appellant. The passerby testified he saw the police officers spray mace into appellant's face and saw the dog attack appellant. Appellant testified in his own defense, and denied attempting to take anyone's gun or unbuckling the safety strap on the holster. Appellant denied bitting Officer Peterson, and denied punching or kneeing anyone.
 I
In his first assignment of error, appellant urges the trial court's judgment, entered on the jury's verdict, was against the manifest weight of the evidence and supported by insufficient evidence. R.C. 2911.01(B) states in pertinent part: (B) No person, without privilege to do so, shall knowingly remove or attempt to remove a deadly weapon from the person of a law enforcement officer, or shall knowingly deprive or attempt to deprive a law enforcement officer of a deadly weapon, when both of the following apply: (1) The law enforcement officer, at the time of the removal, attempted removal, deprivation, or attempted deprivation, is acting within the course and scope of the officer's duties; (2) The offender knows or has reasonable cause to know that the law enforcement officer is a law enforcement officer.
R.C. 2903.13 states in pertinent part:
 (A) No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn.
 (B) No person shall recklessly cause serious physical harm to another or another's unborn.
In State v. Thompkins (1997), 78 Ohio St.3d 380, the Ohio Supreme Court developed the similarities and distinctions between the concepts of manifest weight and sufficiency of the evidence. The Supreme Court noted the distinctions are qualitative and quantitative. Sufficiency of the evidence refers to the legal standard the trial court applies to determine whether the evidence is legally sufficient to support the verdict as a matter of law, Thompkins at 386, citations deleted. Thus, the issue of sufficiency of the evidence is directed to the trial court's legal determination. However, even if a judgment is sustained by sufficient evidence, the judgment may nevertheless be against the manifest weight of the evidence, because the weight of the evidence concerns the amount of credible evidence offered in a trial in support of side of the issue, Thompkins at 387, citations deleted. Thus, the weight of the evidence concern the factual issues as determined by the jury. Appellant characterizes the State's evidence as vague, uncertain, conflicting and fragmentary. Appellant urges the police officers contradicted themselves and each other. Appellant also points out he and his two eyewitnesses described the incident much differently from the police officer's descriptions. The State argues the Supreme Court has directed us not to reverse a jury verdict if there is substantial evidence on which the jury could reasonably conclude all the elements of the offenses had been proven beyond a reasonable doubt, see e.g. State v. Eley (1978), 56 Ohio St.2d 169
. This court must defer to the judgment of the trier of fact regarding the weight to be given the evidence and credibility of the witnesses, see State v. DeHass (1967), 10 Ohio St.2d 230. We have reviewed the record, and we find the State presented sufficient evidence which, if believed, would support a jury verdict of guilt beyond a reasonable doubt. The jury here heard the testimony of the officers, as well as appellant's testimony and that of his witnesses. This court cannot substitute its judgment for that of the jury in resolving the factual issues. We conclude the trial court's judgment is supported by the sufficiency and weight of the evidence. Accordingly, the first assignment of error is overruled.
 II
In his second assignment of error, appellant urges he was denied the effective assistance of counsel because counsel failed to object to certain testimony, and statements made by the prosecutor in her closing argument, see III, infra. In Strickland v. Washington (1984), 466 U.S. 668, the United States Supreme Court fashioned a two-pronged test for use in claims of ineffective assistance of counsel. First, the defendant must demonstrate counsel's representation fell below an objective standard of reasonableness, and must also demonstrate the defendant was prejudiced as a result of counsel's performance. Ohio uses the Strickland test, see State v. Bradley (1989),42 Ohio St.3d 136. In Lockhart v. Fretwell (1993), 506 U.S. 364, the United States Supreme Court found a deficient performance by counsel is one which renders the result of the trial unreliable or the proceeding fundamentally unfair. First appellant cites us to the testimony of Officer Peterson tending to show appellant operated a motor vehicle without a valid Ohio driver's license. Officer Peterson also attempted to testify regarding what he believed appellant would have done had he managed to get Peterson's gun. Peterson also testified as to the conduct of appellant's cousin, who testified on appellant behalf. The officer testified appellant's cousin was yelling, swearing, and telling the police to "get off of" appellant, and this person was subsequently arrested for his behavior. As the State points out, the court itself sua sponte interrupted Peterson's testimony regarding appellant's lack of an Ohio driver's license and his speculation regarding appellant's potential use of the gun. The court instructed the jury on both occasions to disregard the statement. In fact, the court actually stopped the witness' testimony at one point. As the State urges, we find appellant cannot demonstrate he was prejudiced by defense counsel's conduct in failing to object to the testimony, because the trial court sua sponte intervened, rendering an objection unnecessary. Regarding Officer Peterson's testimony about the conduct and arrest of appellant's cousin, appellant urges the evidence is irrelevant and would not have been admitted had counsel objected properly. When appellant's cousin testified, he freely admitted intervening in the situation that developed between appellant and the police officers. Thus, appellant introduced the testimony himself, and may not now assign error to its admission. Appellant also argues certain statements the prosecutor made in her closing argument were prejudicial, and his counsel should have objected to them. First, appellant urges the prosecutor made improper comments about the appellant not being tested for drugs or alcohol. Our review of the record discloses defense counsel objected, and the court sustained the objection and instructed the jury to disregard the comment. The prosecutor also told the jury appellant's cousin was convicted of obstructing official business as a result of his activities in this situation. In fact, appellant's admitted this on cross examination. It is not error for the prosecutor to comment on evidence presented at trial. More problematic is the prosecutor's comment that Officer Peterson testified that he was in fear of his life when he realized appellant was grabbing at his gun. This comment references one of the portions of Officer Peterson's testimony which the court sua sponte struck from the record. As the State points out, however, the jury undoubtedly appreciated the dangerousness of the situation. Thus, this single mention of a matter which should have been obvious, was not sufficient to deprive the appellant of a fair trial. We have reviewed the record, and we find none of the instances cited by appellant demonstrate the ineffective assistance of counsel. The second assignment of error is overruled.
 III
In his third assignment of error, appellant cites us once again to the incidents complained of in the prosecutor's closing argument, see II, supra. Appellant urges the trial court's failure to sua sponte intervene constituted plain error. Pursuant to Crim.R. 52 (b), plain errors, or defects which affect the substantial rights of the defendant, may be noticed, although they were not brought to the attention of the court. In State v. Long (1978), 53 Ohio St.2d 91, the Ohio Supreme Court held plain error does not exist unless the court can say that but for the error, the outcome of the trial would clearly have been otherwise. Because of our findings in II, supra, we conclude the trial court committed no plain and prejudicial error. In addition, appellant urges the trial court committed plain error in admitting State's Exhibit 1 through 3 without a proper foundation. The exhibits in question are three photographs of Officer Peterson taken at the hospital to demonstrate the bites the officer suffered during the altercation. Although the State did not introduce testimony of the person who took the photos or present evidence of where the photos were stored pending the trial, Officer Peterson testified the pictures were taken at the hospital of the bite wounds appellant had inflicted on him. Officer Peterson testified the photographs accurately depicted the injuries he had suffered. The State also points out defense counsel did not object to the admission of the exhibits. In fact, part of appellant's defense was that he could not have inflicted the bites in question because he was missing two of his front teeth. Thus, counsel may not have objected to the exhibits because of sound trial strategy, believing the exhibits actually supported appellant's version of events. Our review of the record leads us to conclude the trial court did not commit plain error in it conduct of this case. Accordingly, the third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant urges the trial court did not comply with the mandates of R.C. 2919.19 when it pronounced sentence. The State concedes this point, and it is borne out independently in the transcript of the sentencing hearing. The State concedes this court should remand the case to the trial court in keeping with our previous judgments, see e.g. State v. Pryor (August 9, 1999), Stark App. No. 1999CA00044, unreported. The fourth assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part. The sentence is hereby vacated, and the cause is remanded to the trial court for re-sentencing in accord with law and consistent with this opinion.
By GWIN, P.J., HOFFMAN, J., and FARMER, J., concur.